UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JONATHAN ORBE,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

No. 16-cv-7971 (RJS)
OPINION AND ORDER

UNITED STATES OF AMERICA

-v-

JONATHAN ORBE,

                Defendant.

No. 15-cr-219 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Jonathan Orbe ("Orbe"), originally proceeding *pro se* but now represented by appointed counsel, brings this petition to vacate his sentence under 28 U.S.C. § 2255 (the "Petition" or "Pet."). Orbe contends that his retained trial counsel rendered ineffective assistance by failing to file a requested notice of appeal. For the reasons set forth below, the Petition is denied.

I. Background[1]

    Orbe was arrested on January 8, 2015 for his participation in a tax fraud scheme. (*See* Doc. Nos. 1, 18, 20.) On September 8, 2015, he pleaded guilty pursuant to a plea agreement to one count of conspiracy to commit wire fraud and two counts of subscribing to a false tax return in violation

---

[1] Unless otherwise indicated, citations to docketed items refer to materials that appear on ECF in *United States v. Jonathan Orbe*, No. 15-cr-219 (RJS) (S.D.N.Y.).

of 18 U.S.C. § 1349 and 26 U.S.C. § 7206(1). (*See* Doc. No. 69 ("Plea Tr.") 54:5–24; Doc. No. 164, Ex. A ("Plea Agreement").) Orbe's plea agreement provided, among other things, that he would not appeal a sentence of 51 months' imprisonment or less. (Plea Agreement at 5.)

On January 28, 2016, the Court sentenced Orbe to a term of 60 months' imprisonment. (Doc. No. 123.) After pronouncing sentence, the Court advised Orbe that he had a right to appeal his sentence by filing a notice of appeal within fourteen days of the final judgment. (Doc. No. 149 ("Sent. Tr.") 68:6–13.) *See* Fed. R. App. P. 4. The Court added that the deadline to file a notice of appeal was "strict" and instructed Orbe to talk to his retained counsel, Murray Richman ("Richman"), if he wished to proceed with an appeal. (Sent. Tr. 68:13–15.) Orbe's right to appeal expired on February 11, 2016; he never filed a notice of appeal.

1. Orbe's Petition and the Parties' Conflicting Affidavits

On October 5, 2016, Orbe, proceeding *pro se*, filed this Petition, asserting a claim for ineffective assistance of counsel on the ground that Richman failed to file a notice of appeal despite Orbe's request that he do so. (Doc. No. 161 ("Pet.").) According to the Petition, Orbe asked Richman to file a notice of appeal twice: once on the day of sentencing and again about two weeks later. (Pet. at 14.) The memorandum of law accompanying the Petition requested an evidentiary hearing to determine the veracity of Orbe's account. (No. 16-cv-7971, Doc. No. 2 ("Mem.") at 3–4.) *See Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006) (holding that "[w]hen a defendant claims that his attorney failed to file a requested notice of appeal," the first step is "a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal").

The government responded to Orbe's Petition on November 17, 2016. (Doc. No. 164 ("Opp'n").) Along with a memorandum of law, the government submitted a sworn affidavit from Richman, which stated that although he spoke with Orbe about his right to appeal, Orbe "did not tell [him] to go forward with the appeal." (Doc. No. 164, Ex. C.) Richman's affidavit added that it was his "recollection" that Orbe "did not come to see [him] after sentencing." (*Id.*) In light of this affidavit, the government opposed Orbe's request for an evidentiary hearing, arguing that Orbe's bare-bones assertions about the conversations he allegedly had with Richman did not betoken a genuine factual dispute. (Opp'n at 7–9 (citing *Fardella v. United States*, No. 13-cv-5373 (LTS), 2014 WL 3294876, at *3 (S.D.N.Y. July 8, 2014) (hearing not warranted where, "[i]n light of [defense counsel's] sworn affidavit, the Court finds [the defendant's] self-serving, conclusory allegation insufficient to establish a plausible claim of ineffective assistance of counsel.")).)

Orbe's reply and accompanying sworn affidavit, filed on January 17, 2017, provided more detail about his alleged conversations with Richman. (Doc. No. 168.) In particular, Orbe averred that Richman told him to "come to [Richman's] office over the weekend [after the sentencing] to talk [about] the fees to file the appeal," that Orbe visited Richman in his office on February 1, 2016 (a Monday), and that Richman "advised [Orbe] that he would file a notice of appeal on his behalf, but [would] not do the appeal" himself. (*Id.* at 8–10.) Instead, Richman referred Orbe to Levitt and Kaizer, a firm that specializes in appeals. (*Id.* at 10.) Orbe visited the firm the following day, but was unhappy to learn that appealing his sentence would cost $30,000. (*Id.*) According to his affidavit, Orbe returned to Richman's office a day later to complain about the cost of the appeal, and Richman told him he "shouldn't be upset" or worry about the two-week appeal deadline because Richman had already filed a notice of appeal on his behalf. (*Id.* at 10, 3.)

3

Because the parties submitted conflicting and fairly detailed factual accounts of the conversations between Orbe and Richman during the two weeks after Orbe's sentencing, the Court ordered the parties to appear for an evidentiary hearing to determine whether Orbe in fact instructed Richman to file a notice of appeal. (Doc. No. 169.) *See Campusano*, 442 F.3d 770; 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."). Orbe was assigned court-appointed counsel on February 27, 2017 (Doc. No. 172), and the hearing took place on April 20, 2017.

2. The Hearing

Despite having requested the evidentiary hearing, Orbe chose not to testify. (No. 16-cv-7971, Doc. No. 23 ("Tr.") 4:21–23.) Richman alone took the stand and testified that Orbe never told him to file a notice of appeal. (Tr. 10:25–11:2.) More specifically, he testified as follows: immediately after being sentenced, Orbe was "very upset" and "sweating profusely." (Tr. 8:1–3.) Richman reminded Orbe that he had a right to appeal his sentence, to which Orbe responded that he "[couldn't] think right now" and would "give [Richman] a call" later. (Tr. 8:5–6.) Richman told Orbe to give him a call on Monday, February 1, 2016. (Tr. 8:6–7.) On Monday, Richman spoke with Orbe either on the phone or in person – he could not remember which – and they discussed the possibility of Orbe's appealing his sentence. (Tr. 8:22–9:12.) Richman recalled that Orbe was assessing "whether he wanted to spend any more money for the appeal" and the likelihood that his sentence might be reduced by a few months. (Tr. 9:15–18.) Richman told Orbe that it was "up to [him]" to decide what he wanted to do, recommended that he consult Levitt and Kaizer "to explore

4

the possibility of appeal," and told him to let Richman know about his decision. (Tr. 9:1–2, 17:23, 9:18–19.) Orbe and Richman spoke a few days later, and Orbe said he would "let [Richman] know before the end of the week" what he wanted to do. (Tr. 9:24–10:4.) Richman never heard back from Orbe. (Tr. 10:3–4.)

On cross examination, Richman testified that he does not typically handle appeals, that his client agreements indicate he does not handle appeals, and that, in the course of 53 years of practice in federal court, he has filed only two appeals and perhaps five notices of appeal. (Tr. 15:1–18.) He added that for clients who are considering whether to appeal, he often refers them to Levitt and Kaizer, a firm he respects. (Tr. 17:4–23.)

After Richman testified, the Court asked once more if Orbe wished to take the stand, since the purpose of the hearing – which Orbe requested – was to allow the Court to make credibility findings with respect to both Richman and Orbe, who had submitted affidavits with "completely inconsistent" factual allegations. (Tr. 28:13–16, 31:12–19.) When Orbe again demurred, the Court inquired whether he was conceding Richman's credibility and the accuracy of his testimony. (Tr. 31:15–19.) Through counsel, Orbe answered that he was "conceding Mr. Richman's credibility . . . [a] hundred percent." (Tr. 31:20–21, 23.)

After the hearing, the parties submitted supplemental briefs that addressed (1) whether Richman adequately consulted with Orbe about his right to appeal, and (2) whether, under the circumstances, Richman should have filed a notice of appeal even absent express instructions from Orbe. All briefing related to the Petition was fully submitted on May 19, 2017. (No. 16-cv-7971, Doc. Nos. 26–28.)

## II. Legal Standard

Section 2255 enables a prisoner who was sentenced by a federal court to petition that court to vacate, set aside, or correct the sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (citation and internal quotation marks omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (citation and internal quotation marks omitted). A claim of ineffective assistance of counsel, however, is one permissible basis for bringing a § 2255 petition.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to the effective assistance of counsel. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To prevail on an ineffective assistance claim, a defendant must demonstrate that (1) counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms," and (2) this "deficient performance prejudiced the defense" in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

It is well settled that "a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable and that where counsel's error leads to 'the forfeiture of a proceeding itself,' prejudice will be presumed." *Campusano*, 442 F.3d at 773 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 483–84 (2000)). Thus, in cases where a defendant claims that his counsel failed to file an expressly requested notice of appeal, courts engage in "relatively simple fact-finding" to determine whether the defendant in fact instructed his counsel to file a notice of appeal. *Id.* at 776. If he did, prejudice is presumed, and the defendant is entitled to another chance to appeal. *Id.* at 773.

"In cases where the defendant gives counsel no instructions on whether to appeal," however, courts begin by inquiring "whether counsel consulted with the defendant about the possibility of appeal." *Id.* at 773 n.3 (citing *Flores-Ortega*, 528 U.S. at 478). "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478. But "[i]f counsel failed to consult, [courts] ask whether 'there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" *Campusano*, 442 F.3d at 773 n.3 (quoting *Flores-Ortega*, 528 U.S. at 484). "If so, prejudice will be presumed," and the defendant is entitled to a new chance to appeal. *Id.*

III. DISCUSSION

Orbe's ineffective assistance claim originally rested on a single ground: that Richman failed to file a notice of appeal despite Orbe's express request that he do so. (*See* Pet.) After the evidentiary hearing, Orbe's appointed counsel submitted supplemental briefing that advanced an

7

alternative – and altogether different – ground for the Petition: that Richman failed to consult with Orbe about the possibility of an appeal. (No. 16-cv-7971, Doc. No. 28 at 11–12.) The Court will discuss each ground in turn.

1. Whether Orbe Instructed Richman to File a Notice of Appeal

At the evidentiary hearing, Orbe, acting through counsel, conceded Richman's credibility "[a] hundred percent." (Tr. 31:23.) Since the sole purpose of the hearing was to determine whether Orbe in fact instructed Richman to file a notice of appeal, and because Richman plainly testified that Orbe never so instructed him, Orbe's concession amounts to an admission that he did not tell Richman to file a notice of appeal. Regardless of Orbe's concession, however, the Court would have credited Richman's account. The Court found Richman to be a credible witness when he testified that Orbe was indecisive about appealing and ultimately never asked him to file a notice of appeal. Accordingly, because the Court finds that Richman did not "disregard[] [Orbe's] specific instruction to file a notice of appeal," the Court denies Orbe's Petition to the extent that it rests on that ground.

Orbe's supplemental briefs appear to argue that Richman should nevertheless have filed a notice of appeal because he should have surmised from Orbe's inconclusive comments and indecisive behavior that Orbe most likely *did* wish to appeal his sentence. In particular, Orbe asserts that his "distraught" state of mind after sentencing, the fact that he discussed the possibility of an appeal at least three times with Richman, and the fact that he visited Levitt and Kaizer to discuss the possibility of an appeal should have led Richman to conclude that Orbe wanted him to file a notice of appeal. (No. 16-cv-7971, Doc. No. 26 at 4.) But the law does not require counsel to file a notice of appeal simply because he knows that his client is exploring the possibility of an appeal;

8

in fact, that is precisely the sort of *"per se* rule" that the Supreme Court rejected in *Flores-Ortega*. *See* 528 U.S. at 478 (considering and rejecting the rule adopted by the First and Ninth Circuits that "[c]ounsel must file a notice of appeal unless the defendant specifically instructs otherwise."). Rather, as noted earlier,

> [i]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . . If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Flores-Ortega*, 528 U.S. at 478. In cases like this one, in other words, where a court determines that the defendant gave his lawyer no express instructions either way, the inquiry into the reasonableness of counsel's representation shifts to the question whether he adequately consulted with his client. The Court accordingly turns to that question.

2. Whether Richman Fulfilled His Duty to Consult

In the context of ineffective assistance claims, courts "employ the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Having considered Richman's testimony and the parties' affidavits, the Court readily finds that Richman discharged his duty to consult with Orbe about appealing his sentence. Richman credibly testified at the hearing that (i) he and Orbe spoke at least three times about whether Orbe wanted to take an appeal, (ii) in the course of those discussions, Orbe weighed the likelihood of success and the possibility of a slightly shortened sentence against the expense of an appeal, and (iii) Richman repeatedly told Orbe to let him know what he wanted to do and referred him to Levitt

and Kaizer in order to explore his options further. Indeed, although Orbe's affidavit primarily emphasizes his concern about the cost of appealing and offers scant detail about the substance of the conversations he had with Richman, it nonetheless corroborates Richman's assertion that the two of them conferred about the possibility of taking an appeal at least three times after sentencing.

Orbe's supplemental reply brief seems to argue that the Court should infer from Orbe's reluctance to pay Levitt and Kaizer that Richman failed to discuss with Orbe the possibility of requesting permission to appeal *in forma pauperis*, *see* Fed. R. Crim. P. 32(j)(1)(C), and therefore failed to fully advise Orbe of the advantages and disadvantages of taking an appeal. (No. 16-cv-7971, Doc. No. 28 at 5.) But the Court declines to draw such a tenuous inference from the mere fact that Orbe heavily weighed the cost of retained appellate counsel in his decision calculus. Orbe has put forward no other evidence to suggest that Richman, a lawyer with more than five decades of experience advising criminal defendants, failed to counsel Orbe about the various factors to consider when deciding whether to take an appeal.

In short, the undisputed evidence is more than sufficient to show that Richman "advis[ed] [Orbe] about the advantages and disadvantages of taking an appeal" and "ma[de] a reasonable effort to discover [Orbe's] wishes." *Id.* That is all Richman was required to do to discharge his duty to consult, and the Court credits his testimony that he never heard back from Orbe on the subject. *See, e.g.*, *Zapata v. United States*, 193 F. App'x 40, 42 (2d Cir. 2006) (upholding district court's finding that defense counsel who conferred with defendant immediately after sentencing and "discussed whether anything could be done" about sentence fulfilled duty to consult); *Lloyd v. United States*, No. 00-cv-1513 (ILG), 2000 WL 804632, at *3 (E.D.N.Y. May 18, 2000) (finding that defense counsel who briefly advised defendant of disadvantages of appeal immediately after sentencing

fulfilled duty to consult). Accordingly, the Court finds that Richman adequately consulted with Orbe about his right to appeal and denies Orbe's Petition to the extent that it rests on his failure to consult claim.

IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT the Petition is denied. In addition, because Orbe has not "made a substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be undertaken in good faith, and, therefore, Orbe may not proceed *in forma pauperis*.

The Clerk of Court is respectfully directed to: (1) terminate the motion pending at docket number 161 in case No. 15-cr-219 (RJS); (2) enter judgment in favor of Respondent and close the civil case, No. 16-cv-7971 (RJS); and (3) mail a copy of this Opinion and Order to Petitioner. SO ORDERED.

Dated: July 31, 2017
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE